[Civ. No. 19786.   First Dist., Div. One.   Feb. 18, 1963.]

PETER J. FEYKERT et al., Plaintiffs and Respondents, v. HENRY GIFFORD HARDY et al., Defendants and Appellants.

Bacigalupi, Elkus & Salinger and Robert C. Elkus for Defendants and Appellants.

Fred Leuenberger and William B. Boone for Plaintiffs and Respondents.

SULLIVAN, J.—This is an action on a promissory note in which the makers, defendants and cross-complainants herein, while in effect admitting the unpaid balance, asserted by way of counterclaim and cross-complaint that the plaintiffs retained certain personal property of the defendants having a value in excess of such unpaid balance and claimed general, special and exemplary damages therefor. The court below rendered judgment in favor of the plaintiffs and denied all recovery to the defendants and cross-complainants. We have concluded that its judgment should be affirmed.

The parties had been associated together in certain corporate ventures. After differences arose between them, they reached an agreement pursuant to which the plaintiffs trans-

ferred all their interest in the business to the defendants to the end of terminating their association. At such time, the defendants executed and delivered to the plaintiffs the above promissory note. Subsequently another dispute arose and the defendants, claiming that all of the property of the business had not been delivered to them, refused to pay the balance due on the note. This action followed.

Plaintiffs' complaint alleged the execution and delivery to them on or about December 31, 1957, of defendants' 60-day note in the sum of $5,000, the payment of $1,278.30 on account, an unpaid balance of $3,721.70 and prayed for the recovery of such balance, interest, attorneys' fees and costs. Defendants filed an answer, counterclaim and cross-complaint thereto. The answer in substance alleged that, on the due date of the note, plaintiffs had possession of certain personal property of the defendants of a value in excess of the amount allegedly due and that defendants had on the due date tendered the balance due on the condition that said personal property be delivered to them. The counterclaim set forth three and the cross-complaint four separately stated causes of action. Generally speaking, the counterclaim and cross-complaint were coextensive.[1] Their allegations may be fairly summarized as follows: That defendants delivered the note in question to plaintiffs on or about January 10, 1958; that as partial consideration for the execution and delivery thereof, plaintiffs executed and delivered to defendants a certain bill of sale, a copy of which was attached to the pleading and incorporated therein by reference; that, on information and belief, plaintiffs at some time between the taking of inventory on October 15, 1957, and January 25, 1958, removed from the business premises certain items of personal property covered by the bill of sale and have refused to deliver them to the defendants; that as partial consideration for the promissory note, plaintiffs executed and delivered to defendants a certain release and quitclaim, a copy of which was attached to the pleading and incorporated therein by reference; that plaintiffs retained ''customer listings, pending

---

[1]The first three counts of the cross-complaint incorporated by reference respectively the first three counts of the counterclaim, adding in each instance an allegation to the effect that plaintiffs were motivated by malice. The fourth count of the cross-complaint alleged that plaintiffs were motivated by malice and were without probable cause in commencing the instant action. The demurrer of plaintiffs and cross-defendants to the fourth count of the cross-complaint was sustained without leave to amend.

orders, advertising materials and the like, and all intangibles'' covered by the above document; that defendant Hardy was the owner of a certain drawing board and attachments which on January 10, 1958, the date of execution and delivery of the promissory note and for many years prior thereto, said defendant had lent to the plaintiffs; that as partial consideration for the joinder by said defendant Hardy in the execution and delivery of the promissory note, said plaintiffs had agreed to return the aforesaid property to Hardy but, on information and belief, at some time between January 10, 1958, and January 25, 1958, the plaintiffs had converted such property to their own use. The plaintiffs and cross-defendants filed an ''answer to counterclaim and cross-complaint,'' admitting that in consideration of the execution and delivery of the promissory note on January 10, 1958, they delivered to defendants the above-mentioned bill of sale, denying that the release and quitclaim was delivered by them to the defendants in consideration of the promissory note, averring that ''the only consideration for the delivery of said promissory note was the sale and transfer of the materials described in said Bill of Sale . . .,'' and in general denying all of the remaining allegations of the counterclaim and cross-complaint.

The pretrial conference order which is before us contains, *inter alia*, the following: ''This is an action on a promissory note. The defense is that the note was given in return of a bill of sale and for the sale of personal property and that some of the items of personal property for which the note was issued were missing from the inventory. Plaintiffs contend that they have a receipt for the inventory in full.''[2]

The trial court found so far as is here pertinent that the defendants executed and delivered the promissory note in question on or about January 10, 1958; that there was due thereon unpaid balance of principal in the amount of $3,721.70, interest in the sum of $694.70, and attorneys' fees in the reasonable amount of $850; that it was untrue that plaintiffs on the due date of the note had any personal property of the defendants; that the consideration for the execu-

---

[2]The present record does not contain in their entirety the pretrial statements of the parties but does disclose that the defendants' pretrial statement included the following: ''The consideration for said promissory note was the sale to the defendants of certain personal property evidenced by a bill of sale of even date with said promissory note. Defendants admit the execution of said note and the execution of said bill of sale.''

tion and delivery of said note was the bill of sale; that on or about December 15, 1957, plaintiffs produced for the account and inspection of defendants all the personal property to which defendants were entitled under the bill of sale; that it was not true that plaintiffs removed from the business premises any of the property covered by the bill of sale as claimed by the defendants except a certain cable and cleanup machine attachment found to be the sole property of plaintiff Feykert; that it was not true that the release and quitclaim was the consideration for the delivery of the note or that the plaintiffs retained any of the personal property covered by the release and quitclaim as claimed by the defendants; that it was true that Hardy owned the drawing board and attachment but untrue that he lent such property to plaintiffs or that plaintiffs as consideration for Hardy's execution of the promissory note, agreed they would deliver such property to Hardy or that plaintiffs converted such property; that it was not true that plaintiffs converted any property belonging to the defendants or either of them; and concluded that the plaintiffs were entitled to judgment for the balance due on the note, interest, attorneys' fees and costs and that the defendants and cross-complainants were entitled to no recovery on their counterclaims or cross-complaints. Judgment was rendered accordingly.

With the one limited exception hereafter noted, defendants do not question the sufficiency of the evidence to support the findings. It is their position that the promissory note and bill of sale were only two of a series of seven documents constituting an integrated agreement which had not been fully performed by the plaintiffs. On this foundation defendants construct the following contentions on appeal: (1) That it was an abuse of discretion for the trial court to deny defendants' motion, made during the trial, to modify the pretrial conference order; (2) that the court's finding that it was untrue that the release and quitclaim was consideration for the delivery of the promissory note was unsupported by the evidence and was on a material issue; and (3) that defendants were not given the opportunity to show failure of consideration for the promissory note and the extent of the damage suffered by them.

At the outset of the trial the plaintiffs called the defendant Hardy under the provisions of section 2055 of the Code of Civil Procedure, proved through him the execution of the promissory note and of the bill of sale and, without

objection of the defendants, introduced both documents in evidence. Mr. Hardy identified his and Tocci-Guilbert's signatures on the last page of the bill of sale where, in an addendum, both defendants stated that they ''do herewith acknowledge receipt and delivery of all of the items hereunder transferred and sold by virtue of the herein Bill of Sale.'' The plaintiff Tuck then testified *inter alia* to the unpaid balance of the note. When on cross-examination Tuck was asked if all documents signed at the same time were not in fact part of the consideration for the promissory note, the court sustained plaintiffs' objection that according to the defendants' pretrial statement the consideration for the note was the sale to the defendants of certain personal property evidenced by the bill of sale. The plaintiffs then rested.

As their first witness, the defendants then called under the provision of section 2055 of the Code of Civil Procedure the plaintiff Feykert who identified a certain ''Agreement'' executed by the parties. Upon the objection of the plaintiffs, the defendants thereupon made an offer to prove that such agreement was signed contemporaneously with the promissory note and bill of sale and ''as part of an integrated agreement of settlement, and that it constitutes part of the consideration for the execution of the promissory note and bill of sale, . . .'' The court then sustained an objection of the plaintiffs that such exhibit and evidence were outside the issues as framed by the pretrial conference order and as set forth by the defendants themselves in their pretrial statement, both quoted by us above. Counsel for the defendants thereafter attempted to elicit responses from Feykert in respect to a suit which had been pending in the federal court whereupon the court sustained the plaintiffs' objection that ''this is outside the purview of this case.''

The defendant Tocci-Guilbert then testified concerning the missing items of personal property. The court sustained objections to questions asked of the witness on direct examination relative to the federal court action between the parties and to the ''Agreement'' theretofore shown the witness Feykert on the ground that such matters were ''outside of the purview of this particular case, and it is outside of the purview of the counterclaim or cross-complaint.''

Examination of this witness was not concluded until the second day of the trial. The defense then called the defendant Hardy. After a few preliminary questions, counsel for the defendants announced that before the witness testified

further, he would like to make a motion to amend the pre-trial order under rule 8.8 of the Rules for the Superior Courts* since the pretrial conference order was silent on the issues arising on the cross-complaint and both the counter-claim and cross-complaint set forth the damage arising from the removal of certain items of property by the cross-defendants, stating "[f]or that purpose and reason I now move the court to amend the pre-trial order to so state, that the issues to be decided are the extent of the damage, if any, suffered by the cross-complainants, and as set forth and pleaded in their cross-complaint." The motion was denied.

During the following direct examination of Mr. Hardy, counsel for the defendants, having marked as exhibits for identification four additional documents, namely a dismissal, a release, the release and quitclaim (attached to defendants' pleadings) and a chattel mortgage, attempted to establish and offered to prove by the witness that the above-mentioned documents and the agreement shown the witness Feykert, together with the note and bill of sale therefore admitted in evidence, or seven documents in all, "were signed and execut-ed by the plaintiffs and the defendants as part of a single transaction, involving the settlement of counter demands made by the plaintiffs and defendants . . . and that the con-sideration for the execution of the promissory note by the defendants here was the execution of all of the other docu-ments. . . ." Plaintiffs' objection to such evidence was sus-tained on the ground that the testimony as to the other documents not in evidence was incompetent, irrelevant and immaterial.

Notwithstanding the foregoing rulings of the court exclud-ing evidence, the record shows that the issue of the alleged removal of the property was fully tried. Defendants have not seen fit to set forth, as they are bound to do, all of the evidence bearing on this issue. Except certain property which the court found belonged personally to Feykert, there was evidence from both plaintiffs that they did not personally remove, nor did they see anyone remove, from the premises the property claimed to be missing. At the conclusion of their case in defense, the defendants called, under the pro-visions of section 2055 of the Code of Civil Procedure, the plaintiff Tuck who denied all knowledge of the location of the property claimed to be missing.

---

*Now Cal. Rules of Court, rule 216.

█ It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. (Cal. Rules of Court, rule 216 formerly Rules for the Superior Courts, rule 8.8; *Baird* v. *Hodson* (1958) 161 Cal.App.2d 687, 690 [327 P.2d 215]; *Dell 'Orto* v. *Dell 'Orto* (1959) 166 Cal.App.2d 825, 829-831 [334 P.2d 97]; *County of Kings* v. *Scott* (1961) 190 Cal.App.2d 218, 225 [11 Cal. Rptr. 893].) The pretrial order limits the issues to be tried (*City of Los Angeles* v. *County of Mono* (1959) 51 Cal.2d 843, 847 [337 P.2d 465]) and those issues, neither raised at the pretrial conference nor designated in dispute in the pretrial conference order, are no longer issues in the case. (*Dell 'Orto* v. *Dell 'Orto, supra; County of Kings* v. *Scott, supra*.) As this court said in *Fitzsimmons* v. *Jones* (1960) 179 Cal.App.2d 5, 8 [3 Cal.Rptr. 373], "[t]he purpose of the pretrial procedure is to place the case in focus so that the defined and precise issues may be resolved as quickly as possible." Until presented with a request for its modification, the trial judge has a right to rely on the posture of the case defined by the pretrial conference order. (*Baird* v. *Hodson, supra; Spence* v. *State of California* (1961) 198 Cal.App.2d 332, 337-338 [18 Cal.Rptr. 302].)

█ Although when filed the pretrial conference order defines the issues to be tried, the order may be "modified at or before trial to prevent manifest injustice." (Cal. Rules of Court, rule 216.) The above rule of court obviously contemplates an amendment of the order itself. Nevertheless, since the order does not foreclose the trial court from permitting an amendment to the pleadings, modification of the order can also be effectuated by an amendment to the pleadings raising new issues. (*Wickman* v. *Opper* (1961) 188 Cal.App. 2d 129, 134 [10 Cal.Rptr 291]; *Jones* v. *Burgermeister Brewing Corp.* (1961) 198 Cal.App.2d 198, 203 [18 Cal. Rptr. 311.) █ The availability of either procedural implement suggests the control of the use of both according to the same standard of judicial discretion. We have found no California case so declaring; still, such seems to be the underlying principle of both the *Wickman* and the *Jones* cases. In respect to federal courts and courts of other states, it has been observed that they "manifest an inclination to grant or deny an amendment or [*sic,* of?] a pretrial order on much the same grounds and conditions as those influencing the granting or denial of motions to amend the plead-

ings.'' (22 A.L.R. 2d 599, 613.) We are impressed with this analogy, for if a direct modification of the pretrial order itself were governed by different and perhaps more stringent criteria, they could be easily circumvented under the rule announced in the *Wickman* and *Jones* cases by achieving a modification of the pretrial order by amending the pleadings.

It will be helpful then to make these brief observations anent the amendment of pleadings during the trial: The allowance or disallowance of amendments to pleadings during the course of the trial rests largely in the discretion of the trial court (*Neher* v. *Kauffman* (1925) 197 Cal. 674, 686 [242 P. 713]) and its ruling will not be disturbed unless it clearly appears that such discretion has been abused. (*Hagar* v. *Home Stores, Inc.* (1927) 85 Cal.App. 533, 535 [259 P. 1007].) The trial court has a wide discretion in such matters where the purpose of the amendment is to raise new issues after the pleadings have been settled and the trial has commenced. (*Burr* v. *Pacific Indemnity Co.* (1942) 56 Cal.App.2d 352, 360 [133 P.2d 24].)

With the foregoing principles in mind, we turn to the problems at hand. The pretrial conference order in the instant case was signed on May 6, 1960, and filed on May 13, 1960. The record shows no request by either of the parties for a correction or modification of the order either prior to the filing thereof (Cal. Rules of Court, rule 215(b), formerly Rules for the Superior Courts, rule 8.7(b)) or at any time prior to the commencement of the trial. The record discloses that the first and only motion by defendants to modify the pretrial order was made *during* the course of the trial and on June 29, 1960, the second day of a two-day trial. No showing of any kind was offered or made as to why such motion was not made at an earlier time.

As we have set forth earlier, the defendants sought to amend the pretrial conference order to state ''that the issues to be decided are the extent of the damage, if any, suffered by the cross-complainants, and as set forth and pleaded in their cross-complaint.'' Defendants insist that the trial court should have permitted the amendment ''so as to permit the introduction of seven documents which were all part of an integrated agreement.'' The simple answer to this argument is that the defendants did not move for such an amendment, as the language of their above motion clearly shows. Furthermore, defendants' pleadings do not allege an

integrated agreement between the parties based on the seven documents referred to, indeed make no mention at all of four of the seven documents, and raise no issue of an integrated agreement between the parties nor of any breach thereof on the part of the plaintiffs. Such issues would have to be raised by an amendment to the pleadings. Defendants made no attempt to amend their pleadings. Defendants thus appear in the incongruous position of asserting error in the trial court's refusal to modify the pretrial conference order in a manner which the defendants themselves never requested.

However, even if we were to assume (although the record furnishes no basis for such assumption) that the defendants' motion to modify the pretrial conference order sought to present a factual and legal contention based on an alleged integration of seven documents and thus to raise a relevant issue thereon, the trial court did not abuse its discretion in denying the motion where it was made during the course of the trial and without any showing as to why it was not made earlier and particularly where it raised new issues not even raised by the pleadings.

We therefore consider the motion for what it is on its face rather than for what the defendants claim it should be. The record shows that as a prefatory statement to the motion counsel for the defendants observed that the pretrial conference made no mention of the issues arising on the cross-complaint including the damage consequent upon the alleged removal of the personal property in question. This is substantially correct. Although the pretrial conference order set forth by us above refers to the missing personal property as a matter in dispute, this is dealt with as a *defense* to the promissory note. The issues of the alleged removal or conversion of such property and the damages resulting therefrom which are raised by the counterclaim and cross-complaint are not defined by the pretrial order as issues in dispute. Giving the motion the above construction, we need not decide whether its denial was an abuse of discretion. The record shows that the issues of the alleged removal and value of the personal property which were raised by the counterclaim and cross-complaint were actually tried by the court and evidence received thereon. Such being the case, the defendants suffered no prejudice from the court's refusal to set forth such issues in an amendment to the pretrial order.

We take up defendants' second contention on appeal

which deals with the document entitled "release and quit-claim." As we stated in our summary of the pleadings, the second count of both the counterclaim and the cross-complaint alleged that this document was a partial considera-tion for the delivery of the note. Such counts thereupon alleged further that the plaintiffs had retained certain items of property described in the document. The trial court found that it was not true that the release and quitclaim was the consideration for the delivery of the note. Defendants here attack such finding as being without evidentiary support and in contradiction of the refusal of the trial court to admit the above document in evidence and to receive evidence of its relationship to the promissory note.

However the trial court, in a separate finding, also found that it was not true that the plaintiffs had retained any of the items of property set forth in the release and quitclaim as they were thus charged. This latter and separate finding was made on substantial evidence and has not been attacked by the defendants as being without support. Since the court found that none of the property had been retained it was immaterial whether the document listing the property was partial consideration for the note and the finding that it was not was also immaterial. The finding in question is not necessary to support the judgment and may be disregarded. (*Baglione* v. *Leué* (1958) 160 Cal.App.2d 731, 733-734 [325 P.2d 471].)

Finally, defendants claim that they were not given an opportunity to show failure of consideration for the promissory note and the extent of the damage suffered by them. According to the defendants' theory, there was an integrated agreement between the parties based upon the seven documents referred to earlier. The claim is made that such agreement was breached by the plaintiffs, thereby bringing about a failure of consideration. As we have al-ready shown in our discussion of defendants' first con-tention, such an integration was never pleaded; four of the seven documents were never mentioned in defendants' pleadings; and such issues were neither raised in the plead-ings nor defined in the pretrial conference order. Defend-ants neither moved to amend the pleadings nor modify the order. While, as stated earlier, they offered to prove that all of the seven documents were executed contemporaneously as part of a single transaction, it is noteworthy, that such offers

did not include an offer to prove that plaintiffs breached the integrated agreement and did not specify in what respect the consideration failed. We are satisfied from an examination of the record that the issues which were raised by defendants' pleadings were tried by the court and resolved by findings supported by the evidence.

The judgment is affirmed.

Bray, P. J., and Molinari, J., concurred.