[Civ. No. 20335.   First Dist., Div. Three.   June 18, 1963.]

JACK PULSE, Plaintiff and Respondent, v. ALBERT E. HILL, as Administrator, etc., Defendant and Appellant.

J. F. Coakley, District Attorney, R. Robert Hunter, Chief Assistant District Attorney, John Marchant, Deputy District Attorney, and C. Dan Lange for Defendant and Appellant.

Ferrario, Power & Morgan and Raymond A. Ferrario for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal from a decree of the trial court, directing specific performance of an oral option to purchase real property.   Appellant rested his defense on

the statute of frauds (Code Civ. Proc. § 1973, subd. 4; Civil Code § 1624, subd. 4).

Mrs. Georgia Cordry was the owner of approximately 640 acres of land near Livermore. Respondent, Jack Pulse, and Mrs. Cordry lived in adjoining houses. Mrs. Cordry was 84 years of age at the time of her death. She lived alone, and respondent assumed to care for her by bringing food, preparing meals for her, and providing medical care for her when she was ill. In October 1948 respondent secured a written lease from Mrs. Cordry to all of the real property here involved. The lease was for two years, and contained an option in respondent's favor, granting him the right to purchase the property for the sum of $3,500. In September 1950 this lease and option was extended in writing for an additional three years, ending October 31, 1953. On September 1, 1953, respondent prepared a letter addressed to Mrs. Cordry stating in part: "I hereby accept your offer of renewing the lease and option . . . for a term of five years." Respondent took the letter to Mrs. Cordry. She did not sign it but upon its receipt stated, according to respondent's testimony: "that was fine and she had papers made out to protect me and she wanted me to have the place and it was mine as far as she was concerned." Other witnesses testified they had heard Mrs. Cordry express a wish that respondent have her property. Mrs. Cordry died in February 1954 and appellant was appointed administrator of her estate. The trial court found that the lease and option had been orally extended on or about September 1, 1953, and directed specific performance on the ground of estoppel.

Appellant contends there is a material variance between the pleading and the proof which requires retrial. Respondent alleged and attempted to prove a written contract, but on the evidence the court found the agreement to be an oral one. In *Sublett* v. *Henry's etc. Lunch*, 21 Cal.2d 273 [131 P.2d 369], the court said at page 277: "Proof of an oral contract where a written agreement has been alleged is a material variance between pleading and proof which requires a reversal if the variance has actually misled the adverse party to his prejudice. (Code Civ. Proc., § 469.)" (See also 29 So.Cal.L.Rev. 182, 189.) Here the record strongly suggests that appellant has been misled in maintaining his defense. When respondent alleged a written contract appellant pleaded the statute of frauds, and demanded an inspection of the claimed writing. Appellant was met with the explanation that the writing had been misplaced. The

trial court ordered it to be exhibited to appellant when found.  At the pretrial conference appellant directed attention to the fact that the court's order granting inspection of the writing had not been obeyed.  There was no abandonment by respondent of the claim that the agreement was in writing, and not the slightest hint that in fact the agreement was oral, and that respondent would rely upon evidence of facts to show an estoppel and thus avoid appellant's defense of the statute of frauds.  After pretrial the court prepared its order, and stated the issue in the case: ''Is there a note or memorandum of the alleged agreement to extend the lease and option for a period of five years . . . subscribed by the decedent or her duly authorized agent?''  Estoppel was not mentioned as a possible issue in the case, or as a claim which appellant would be required to meet at trial.  The case therefore proceeded from the pretrial conference to trial upon respondent's sole contention that the agreement to extend the lease and option was in writing.  At trial, respondent's evidence was directed towards proof of the claimed written agreement, although evidence and testimony did go into the record which might suggest an estoppel.  As to this evidence respondent did not intimate it was offered for the purpose of establishing an estoppel.  Respondent did not produce any writing, subscribed by Mrs. Cordry, nor did he attempt in any way to explain the absence of the writing referred to in the order for inspection as having been ''inadvertently misplaced.''  The only writing presented was respondent's self-serving letter, dated September 1, 1953, purporting to accept Mrs. Cordry's claimed offer to extend the lease and renew the option.  There is no claim that Mrs. Cordry's offer was in writing.  Respondent's letter was obviously not the writing referred to in the complaint or the court's order to produce, because it was not subscribed by Mrs. Cordry, and further, respondent's counsel testified the letter of September 1, 1953, had been exhibited to appellant shortly after Mrs. Cordry's death.  This letter, being unsigned by Mrs. Cordry, was properly rejected by appellant as a written agreement obligating him as administrator to make a conveyance of the leased property to respondent.  It was not until after trial, when respondent submitted a brief to the court in letter form, urging estoppel and citing authorities, that appellant learned for the first time respondent was in fact relying upon an oral agreement supported by a claim of estoppel.  It clearly appears, therefore, that appellant is correct in his assertion that he had no notice until after trial

that respondent was relying upon estoppel as a basis for recovery.

Rule 210(c), California Rules of Court,* relating to pretrial conferences, provides in part that counsel shall submit to the pretrial conference judge a: ". . . written statement of the factual and legal contentions to be made as to the issues remaining in dispute." The factual and legal contentions of the parties and the issues remaining in dispute are then carried over into the pretrial conference order, and the order controls subsequent proceedings unless modified at or before trial. (Cal. Rules of Court, rules 214(a)(1), 216.†) The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case. Where, as here, a party knows he must rely upon an estoppel to overcome affirmative matters of defense pleaded in the answer, it is his duty to raise this issue in the pretrial conference, and thus give notice to his opponent that this issue is to be litigated in the case. Since respondent did not raise the issue of estoppel at pretrial, and appellant had no notice of it, and no opportunity to prepare his own evidence to meet it, the claimed estoppel cannot be relied upon to support the judgment. To hold otherwise would not be in accord with either the letter or the spirit of the California Rules of Court relating to pretrial conferences. (*Dell 'Orto* v. *Dell 'Orto,* 166 Cal.App.2d 825, 831 [334 P.2d 97]; *Knowles* v. *Robinson*‡ (Cal.App.) 29 Cal.Rptr. 525.) If upon retrial, respondent wishes to pursue the issue of estoppel he may do so by appropriate motion to modify the pretrial conference order (Cal. Rules of Court, rule 216**), and if this issue is permitted to remain in the case, appellant will have proper notice of the charge he must meet, and an opportunity to present his evidence in rebuttal.

Judgment reversed.

Draper, P. J., and Devine, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 14, 1963.

---

*Formerly Rules for the Superior Courts, rule 8.2(c).

†Formerly Rules for the Superior Courts, rule 8.6(a)(1), 8.80.

‡A hearing was granted by the Supreme Court on May 22, 1963. The opinion of that court is reported in 60 Cal.2d — [36 Cal.Rptr. 33, 387 P.2d 833.]

**Formerly Rules for the Superior Courts, rule 8.8.