[Civ. No. 31495. Second Dist., Div. Three. May 5, 1967.]

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PACIFIC INDEMNITY GROUP et al., Real Parties in Interest.

724

Smith & Wilson and A. Dumont Mason for Petitioner.

No appearance for Respondent.

Wyman, Finell & Rothman and Charles L. Fonarow for Real Parties in Interest.

McCOY, J. pro tem.*—This proceeding arises out of an action entitled *Pacific Indemnity Group* v. *Universal Underwriters Insurance Company, et al.,* for declaratory relief and money damages now pending in the respondent court. The question before us is whether that court abused its discretion in striking from the separate pretrial statement of Universal a certain issue tendered by Universal and its contention relating thereto, before adopting that statement and incorporating it in the pretrial conference order.

The joint pretrial statement shows that the following facts are admitted. Sometime before September 29, 1963, Pacific issued a policy of automobile liability insurance to one Robert Henri L. D. whereby it agreed to indemnify the insured and his wife, Nicole Dieudonne L. D. (hereafter referred to as Nicole), against liability incurred through the operation of a certain automobile upon the terms and conditions stated in the policy. A similar policy was issued before September 29, 1963, by Universal to Lynch Motors insuring the persons covered therein against liability incurred through the ownership and use of certain automobiles, including a certain designated 1958 Ford automobile. Each policy provided that the

---

*Assigned by the Chairman of the Judicial Council.

insurer would defend any actions brought against its insured to establish liability within the terms of the policy.

Sometime before September 29, 1963, Lynch Motors was the owner of the Ford automobile and had loaned it to Nicole for her use. On that date an accident occurred while she was operating the Ford with the permission of Lynch Motors which involved two other automobiles. As the result of that accident two personal injury actions were commenced in the respondent court by the three occupants of the other automobiles, all of whom are named as defendants in the later action by Pacific for declaratory relief. These actions are entitled respectively *Tropper* v. *L. D. Nicole Dieudonne, et al.,* and *Freeman* v. *L. D. Nicole Dieudonne, et al.*

When the summons was served on Nicole she tendered her defense to Pacific which subsequently made demand on Universal to indemnify Nicole and Pacific against any judgment which might be rendered against her up to the limits of its policy. Universal refused to defend the actions or to acknowledge any obligation to provide indemnity to Nicole in the two personal injury actions. Thereupon Pacific brought its action for declaratory relief, seeking a determination of its obligations and that of Universal with respect to the defense of the two personal injury actions and the indemnifications of Nicole and Pacific.

Universal concedes that its policy would extend coverage to Nicole for the accident but for the existence of an endorsement to the policy purportedly limiting the liability of Universal. This endorsement which Universal sent to its insured Lynch Motors about September 19, 1963, purportedly became effective September 21 although Lynch Motors did not, between the receipt of the endorsement on September 19 and the date of the accident, September 29, evidence its acceptance or rejection of the endorsement either orally or in writing.

In April 1965 Pacific submitted certain interrogatories to Universal. In its verified answer to interrogatories 2 and 3, Universal stated that Nicole was not covered by its policy issued to Lynch Motors by reason of its endorsement to that policy issued in September 1963 and that it contended that its policy did not extend coverage to Nicole for any other reason. Interrogatory 4 reads: "Do you contend that there was legal consideration passing from your company to the insured [Lynch Motors] for the endorsement referred to above which you issued effective September 21, 1963?" To this interroga-

726

tory Universal answered, "No." Interrogatory 5 reads: "Do you contend that no legal consideration was necessary in order for the aforesaid endorsement which you issued effective September 21, 1963, to be valid?" To this interrogatory Universal answered, "Yes." These answers were served and filed in May 1965.

A pretrial conference was held on November 23, 1966. Some two or three weeks before that conference Pacific submitted to the several defendants a proposed joint pretrial statement which included among the matters agreed or admitted the statement that "j. No legal consideration passed from Universal to its insured Lynch Motors in connection with the issuance of the aforesaid endorsement; Universal contends that no legal consideration was necessary to make said endorsement effective, and Pacific contends to the contrary." Shortly before the pretrial conference Universal submitted to Pacific its separate statement of issues to be tried and its contentions with respect thereto. One issue thus tendered reads: "4. Was there any consideration for said endorsement?" Universal's fourth contention reads: "4. That there was a valuable consideration exchanged between Universal Underwriters Insurance Company and its insured Lynch Motors, a corporation, with respect to endorsement #UU-3103 prior to and on or about the 21st of September, 1963."

At the pretrial conference the court granted the motion of Pacific "to strike issue 4 and matching contention 4 from the separate statement of defendant for the reason that the issue is foreclosed by said defendants' answers to written interrogatories." Apparently the court also struck the above-quoted paragraph "j" from the joint pretrial statement. Thereafter the joint pretrial statement was signed by counsel for both insurance carriers and as so changed was incorporated in the pretrial conference order dated November 28, 1966, and filed December 5.

Petitioner alleges that at the pretrial conference on November 23 its counsel advised the court that its answer to Pacific's interrogatory 4 was in error and asked leave to amend its answer thereto "to reflect the true answer of petitioner to said interrogatory No. 4," and that this request was denied. The record shows that on December 23, without obtaining leave of court to do so, Universal served and filed an amended answer to interrogatory 4 in which it answered the interroga-

tory in the affirmative and also answered the other parts of the interrogatory. On December 27 Universal noticed a motion for an order "modifying, amending and/or vacating the pretrial order," presumably to restore issue 4 and contention 4 although it is not so stated in the notice of motion, on the ground that the granting of Pacific's motion to strike that issue and that contention "constituted an abuse of discretion and will lead to manifest injustice," and that "the foregoing modifications are required in the furtherance of justice." The motion was denied on January 12, 1967, and Universal filed .the petition now before us.

Rule 216, California Rules of Court, provides that "When filed, the pretrial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice." Section 576, Code of Civil Procedure, enacted in 1963, reads: "Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading or pretrial conference order."

■ The granting or denial of a motion to modify a pretrial order is admittedly a matter committed to the sound discretion of the trial court. ■ It is now settled that the same principles which govern the exercise of the court's discretion in allowing amendments to pleadings under section 473, Code of Civil Procedure, apply with respect to motions to modify or amend pretrial orders. (*Feykert* v. *Hardy*, 213 Cal. App.2d 67 [28 Cal.Rptr. 510]; *Gonzales* v. *Brennan*, 238 Cal. App.2d 69, 74-75 [47 Cal.Rptr. 501].) Any difference there may be between the meaning of the phrase, "to prevent manifest injustice," as used in rule 216, and the phrase, "in furtherance of justice," as used in section 473, is a difference of no meaningful significance. (*Gonzales* v. *Brennan, supra.*) The question before us, then, is whether the rulings of the trial court with respect to Universal's separate pretrial statement and the pretrial conference order constituted an abuse of discretion.

■ The purpose of the pretrial conference order is to place the case in focus for the trial. The pretrial conference order limits the issues to be tried, and issues which are not there designated as being in dispute in the pretrial conference order are no longer issues in the case. (*Feykert* v. *Hardy*, 213

Cal.App.2d 67, 74 [28 Cal.Rptr. 510], and cases there cited.)

The action involved here was filed in November 1964. Under rule 210, California Rules of Court, it was incumbent on all parties to complete all discovery proceedings before the pretrial conference. Pacific accordingly served its interrogatories on Universal in April 1965 pursuant to section 2030, Code of Civil Procedure. One purpose of pretrial discovery is "to simplify and narrow the issues." (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].) ▉ As the court said in *Pulse* v. *Hill,* 217 Cal.App. 2d 301, 304 [31 Cal.Rptr. 765], "The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case."

▉ We are of the opinion that an interrogatory calling on one's adversary to state whether or not he makes a particular contention, either as to the facts or as to the possible issues in the case, is not only proper but desirable. The contention of an adversary which relates to its claim or defense is certainly a "matter, not privileged, which is relevant to the subject matter involved in the pending action." (Code Civ. Proc., §§ 2016, subd. (b), 2030, subd. (b).)

Although the matter has not been settled by any appellate court in this state, our conclusion finds support in *Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], where the court pointed out (p. 325) that "the more recent federal cases have held that '[o]ne of the principal purposes of interrogatories is to ascertain the contentions of the adverse party. . . . [for otherwise] a party would be unjustly restricted in his preparation for trial.' (*McElroy* v. *United Air Lines,* 21 F.R.D. 100, 102; see also *Kyker* v. *Malone Freight Lines,* 17 F.R.D. 393, and other cases cited, *supra.*)" As Professor Moore says with reference to these and other federal cases: "[T]o say that 'contentions' are not a proper subject of interrogatories is to subvert the whole theory of the rules and to make it more difficult for a party to find out what the case against him is about than it was under the old practice. . . . To the extent that interrogatories are used to clarify the contentions of the parties, they are an adjunct to the pleadings, and parties are not held rigidly within the limits of their pleadings when a case comes to

trial. . . . Liberal use of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings should be permitted and encouraged by the courts. Only in this manner can the proper interrelation between the pleading and the discovery rules be maintained.'' (4 Moore, Federal Practice (2d ed.) ¶ 33.17, pp. 2311-2312.)

While an interrogatory would be improper which seeks to ''tie a party down in such a way that he may be deprived of his substantive rights'' by precluding him from producing subsequently discovered facts at the time of trial (see *Singer* v. *Superior Court, supra,* pp. 324-325), the interrogatory involved here is not of that character. Its only purpose was to determine authoritatively whether, as a part of its defense, Universal made a certain contention. Had Universal answered in the affirmative, Pacific could then have proceeded with appropriate proceedings to discover the facts on which that contention was based. (*Singer* v. *Superior Court, supra.*) When Universal answered in the negative, no issue as to the matter involved remained to be determined at the time of trial, and no further discovery was necessary. The interrogatory thus served directly the purposes of pretrial discussed above.

█ Universal's answers to Pacific's interrogatories were served in May 1965. With the receipt of Universal's answer to interrogatory 4, Pacific's attorneys were entitled to rely on Universal's admission that it did not contend that there was any legal consideration passing from Universal to Lynch Motors for the endorsements which Universal now contends limited its liability. Pacific's position in this respect was strengthened by Universal's further admission in answer to interrogatory 5, that it did contend that no legal consideration was necessary in order to make the endorsement effective, which admission was apparently based on the fact that there was ''No change in coverage for the named insured [Lynch Motors] under Universal Underwriters policy #403974.'' It was not until the time of the pretrial conference on November 28, 1966, some 18 months after Universal had filed its answers to Pacific's interrogatories, that Universal sought to reverse its position.

In its petition before us Universal states that, irrespective of its answer to interrogatory 4, Universal has always maintained and Pacific knew that the endorsement was supported by sufficient legal consideration. In its opposition Pacific

"unequivocally avers" that it had not been so advised until the pretrial conference and that, on the contrary, Universal had always advised Pacific that Universal had the right to issue the endorsement unilaterally, and that no legal consideration was necessary. Whatever the true facts may be, the trial court properly determined at the time of the pretrial conference on the record then before it that the issue was foreclosed by Universal's answer to interrogatory 4. In the absence of any factual showing at that time that Universal's answer was erroneous, the court did not abuse its discretion in denying Universal's request for leave to amend that answer to "reflect the true answer."

We assume that copies of the pretrial conference order dated November 28, 1966, were served on all counsel by the clerk on that day as required by rule 215, California Rules of Court. No request for any correction or modification of the order was made by Universal as permitted by that rule and the order was filed on December 5.

 The notice of Universal's motion for an order modifying the pretrial conference order was not filed until December 27. In support of its motion Universal filed the declarations of A. D. Mason, one of its attorneys, and of William Shannon, its employee who had sworn to the original answers to Pacific's interrogatories. Mr. Shannon alleges in his declaration that upon reading Pacific's interrogatory 4 in April 1965, he "understood the question to be directed to whether any money was paid by Universal Underwriters Insurance Company to our insured for the endorsement. Upon such belief, I answered the question in the negative. At that time, I did not realize that some other consideration could have passed between Universal Underwriters and its insured for the endorsement in question herein. That I am not an attorney-at-law and therefore not acquainted with the intricacies and refinements of the terminology of the law of contracts." In our opinion, these allegations fall far short of constituting a valid excuse for the alleged mistake. If, as Mr. Shannon alleges, he was "not acquainted with the intricacies and refinements of the terminology of the law of contracts," it was incumbent on him at the time to consult with Universal's counsel instead of relying on his understanding of the interrogatory. Mr. Shannon also alleges that "it has always been the contention" of Universal "that some form of consideration passed" from Universal to its insured for the endorse-

ment. If he knew that to be the case when he undertook to answer the interrogatories, it was all the more incumbent on him then to seek the advice of counsel.

Mr. Mason alleges in his declaration that in April 1965 he forwarded Pacific's interrogatories to Universal asking that a representative of that company provide the answers, and that when the answers were returned and filed in May he "failed to notice that one of the answers was incorrect." He further alleges "That plaintiff has known for a considerable period of time through personal and phone communications that defendant Universal Underwriters Insurance Company has always contended that there was legal consideration between itself and its insured to support the issuance and delivery of the endorsement concerned herein. I personally have discussed this matter with the attorneys for the plaintiff on several occasions and it has been the contention of the defendant Universal Underwriters Insurance Company since the inception of this law suit, that there was consideration present to support the issuance and delivery of the endorsement considered herein. That on no occasion prior to the pretrial conference has any representative of the plaintiff given any indication that they were aware of the apparent conflict in the contentions of the defendant Universal Underwriters Insurance Company and the answer to the interrogatory number 4 as previously set forth herein. It is apparent that plaintiff is merely trying to take advantage of an obvious error of the defendant." It seems reasonable to assume from what Mr. Mason here says, in the absence of any allegations to the contrary, that these discussions as to Universal's contention took place before the interrogatories were served in April 1965, and that the interrogatories were served on Universal in order to obtain a definitive statement of Universal's position. We hold that a sworn statement as to the contention of the party in answer to a relevant interrogatory is binding, subject only to the provisions of rule 216, California Rules of Court, and section 576, Code of Civil Procedure. In our opinion the failure of Mr. Mason in the particular circumstances of this case to notice that the answer to interrogatory 4 was incorrect was inexcusable.

We have referred above to what transpired at the time of and after the pretrial conference in November 1966. In view of what we have said it is quite evident that the motion of Pacific to strike from Universal's separate pretrial statement

and its opposition to Universal's motion to amend the pretrial conference order did not constitute an attempt on the part of Pacific to take advantage of Universal's alleged error.

We are not unmindful of the right of a defendant to assert all his meritorious defenses and have them determined at the time of the trial. Of necessity, this right carries with it the burden of a timely assertion of those defenses. We are not advised in the case before us whether the issue of consideration for the endorsement was raised by the pleadings. Be that as it may, the matter was set at rest by Universal's answer to interrogatory 4 in May 1965.. From that point on until the pretrial conference in November 1966, Pacific had no reason to believe that Universal would attempt to revive the issue. As we have noted above, the granting, or denying, of Universal's subsequent motion for relief was a matter committed to the sound discretion of the court. In our opinion Universal did not make a sufficient showing that the requested modification of the pretrial conference order was required in furtherance of justice or to prevent any manifest injustice, and the denial of its motion did not constitute an abuse of discretion.

The petition for a peremptory writ of mandate is denied without prejudice to the right of petitioner to renew its motion for a modification of the pretrial conference order at or after the commencement of the trial as provided in rule 216, California Rules of Court, and section 576, Code of Civil Procedure. (See *Frasca* v. *Warner,* 249 Cal.App.2d 593 [57 Cal.Rptr. 683].)

Ford, P. J., and Cobey, J., concurred.