[Civ. No. 11573.   Third Dist.   July 17, 1967.]

M. N. TRICKEY et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; CHARLES F. WILLIAMS, Real Party in Interest.

Mento, Buchler & Littlefield and Theodore H. Morrison for Petitioners.

No appearance for Respondent.

Colley & McGhee and Milton L. McGhee for Real Party in Interest.

FRIEDMAN, J.—This mandate proceeding is the outgrowth of a personal injury action pending in the Superior Court of Sacramento County. Petitioners are the defendants. Real party in interest is the plaintiff Charles F. Williams. Under the provisions of Code of Civil Procedure section 598 the defense moved in the trial court for a bifurcated trial at which the issue of liability would be heard and decided before trial of the damage question. The court denied the motion, specifically on the ground that section 598 deprived it of power to make such an order after the close of the pretrial conference.[1] Petitioners seek a writ directing the trial court to hear and pass upon their motion.

The pretrial conference was held and a pretrial conference order signed by the court on May 10, 1965. The order directed a jury trial on November 22, 1965, more than six months later. It adopted the enumeration of issues in the defendants' pre-

---

[1] Section 598 of the Code of Civil Procedure provides in part: "In a trial by jury, the court may, when the convenience of witnesses or the ends of justice would be promoted thereby, on motion of a party, after notice and hearing, make an order, *no later than the close of pretrial conference* in cases in which such pretrial conference is to be held, or, in other cases, no later than 10 days before the trial date, that the trial of the issue of liability shall precede the trial of any other issue in the case, except for special defenses which may be tried first pursuant to Section 597. In a nonjury trial, the court may on its own motion make such order at any time." (Italics added.)

trial statement. It declared: "Pursuant to motion of counsel for the respective parties and good cause appearing therefor, leave is granted each of the respective parties to pursue discovery, upon condition all further discovery be concluded at least thirty days prior to the date to be set for trial."

In early November, a few weeks before the trial date, the defense (petitioners here) moved the court for an amendment of the pretrial conference order to permit bifurcation of the trial. A supporting declaration indicated that discovery proceedings after the pretrial conference had revealed developments in the plaintiff's physical condition which would entail physical examinations and require trial testimony by several medical specialists. In opposition to the motion, counsel for Mr. Williams stated that he himself planned to call only one medical witness. The court denied the motion.

By agreement the trial was reset to June 23, 1966, some nine months after the original trial date. A few weeks before the second trial date counsel for Mr. Williams moved to amend the pretrial order by increasing the general damage claim from $25,000 to $150,000. In contrast to his earlier statement that he would call only one medical witness, Williams' counsel now declared that his client had been treated by three physicians, all of whom would testify, and that Williams needed additional surgery. The court permitted increase of the damage claim, but at the request of the defense removed the case from the trial calendar, reiterating that discovery would remain open until thirty days before trial. Later the trial was set for February 28, 1967.

Soon after the order permitting increase in the damage claim, the defense filed its second motion to bifurcate, pointing out that plaintiff had been treated by three doctors and examined by two specialists designated by the defense; that five or six doctors would testify on the score of damages; that the liability inquiry was simple, requiring only one witness in addition to the parties. Denial of that motion evoked the present proceeding.

■ Mandate will issue to compel a hearing and determination on the merits where the lower court has erroneously declined jurisdiction. (*Robinson* v. *Superior Court*, 35 Cal.2d 379, 383 [218 P.2d 10]; *People* v. *Superior Court*, 239 Cal. App.2d 99, 102 [48 Cal.Rptr. 445].) As we view the matter, petitioner's entitlement to the writ depends upon a consideration of the pretrial activities which preceded the motion to bifurcate. The rules of court currently governing pretrial will

be radically altered by amendments adopted by the Judicial Council of California to become effective September 1, 1967. (66 Cal.2d 5-11.) The pretrial proceedings in this case were governed by the current rules, and our observations will deal with these rather than the amended rules.

Code of Civil Procedure section 598 was adopted in 1963 as the result of Judicial Council recommendations. Its objective is avoidance of the waste of time and money caused by the unnecessary trial of damage questions in cases where the liability issue is resolved against the plaintiff. (17th Biennial Report, Judicial Council (1959) p. 30; 18th Biennial Report (1961) pp. 56-57; 19th Biennial Report (1963) p. 32; see also Committee on Adm. of Justice Report, 36 State Bar J. p. 416 (1961).) The statutory bar on bifurcation after close of the pretrial conference extends to jury ''cases in which such pretrial conference is to be held.'' The quoted phrase describes the coverage of the time limitation, making it coextensive with the mandatory pretrial system then and now in effect. (See Cal. Rules of Court, rules 208, 221, 222.) While the pretrial rules do not mention bifurcation as a subject of pretrial conference consideration, the relationship is fairly obvious. Certainly it is expressed in the demand of section 598 that bifurcation be ordered no later than the close of the pretrial conference.

The procedural imbroglio characterizing the present lawsuit came to pass because neither the trial court nor counsel fulfilled certain basic assumptions designed to make pretrial workable and useful and which, as a by-product, permit concurrent inquiry into bifurcation. Effective pretrial, as well as inquiry into bifurcation, rest upon the assumption that the attorneys have substantial information covering the probable course of the trial and the comparative complexity and bulk of the liability and damage phases. Both inquiries assume that discovery procedures (including medical discovery in personal injury actions) have been largely completed. The statutory demand for bifurcation no later than pretrial is workable only if the assumption of completed discovery underlying pretrial has been fulfilled.

It has been said that the principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues and to determine how the trial may proceed most expeditiously. (*Universal Underwriters Ins. Co.* v. *Superior Court*, 250 Cal.App.2d 722, 728 [58 Cal.Rptr. 870]; *Pulse* v. *Hill*, 217 Cal.App.2d 301, 304 [31 Cal.Rptr. 765].)

654

■ The present pretrial rules contemplate completed discovery as an integral adjunct of rational and effective pretrial, permitting later discovery only upon an individualized showing of good cause.[2] Completion of discovery before the pretrial conference is fundamental to the success of a pretrial system. (Van Alstyne and Grossman, California Pretrial and Settlement Proceedings (Cont. Ed. Bar (1963)) pp. 44-47.)

To fulfill pretrial's additional roles as a promoter of settlement and as a tool of calendar management, the rules seek to limit the span between pretrial conference and trial to five weeks if possible.[3]

■ The procedure in this case did not conform to these concepts of pretrial. The pretrial conference order fixed a jury trial date six months distant and permitted continued discovery, unlimited in scope, for five of those six months. In response to questioning at oral argument in this court, counsel on both sides agreed that in the Sacramento Superior Court continuation of discovery after pretrial was "the common practice without exception." Such a practice would violate the express requirements of the Judicial Council rules.[4] It would implicitly invite the attorneys to the pretrial conference with virtual assurance that all discovery could be safely deferred. It would encourage participation by court and counsel without enough information to make the conference effective or even useful.[5]

---

[2]California Rules of Court, rule 210(d), directs each party to complete his discovery proceedings before the pretrial conference, but permits later discovery under these circumstances: "At or before the pretrial conference the court, for good cause shown, may order that the time for completion of any or all deposition and discovery proceedings be extended to a time following the pretrial conference but before the time set for trial."

[3]California Rules of Court, rule 220(a), declares in part: "Every case required to be pretried shall be set for trial for a place and time not earlier than the time of filing of the pretrial order and as nearly as possible not later than five weeks after the pretrial conference . . . ." (See 15th Biennial Report, Judicial Council (1954) pp. 15-19; Cal. Manual of Pretrial Procedure, 31 State Bar J. Supp. p. 8 (1956).) A court's failure to fulfill the five-week objective cannot be explained or justified by a large backlog of lawsuits on its Civil Active List. Superior courts are obliged by the Judicial Council rules to calendar cases for pretrial only to the extent of their capacity to comply with the five-week objective. (Cal. Rules of Court, rule 209(a).) Obviously a court may force itself into tardy trial calendaring by premature pretrial calendaring.

[4]The rules of the Judicial Council have the force of positive law. (*Helbush* v. *Helbush*, 209 Cal. 758, 763 [290 P. 18]; *Cantillon* v. *Superior Court*, 150 Cal.App.2d 184, 187 [309 P.2d 890].)

[5]Cf., Kleps, Ralph N., *Pretrial Conferences and Certificates of Readiness in California Trial Courts*, 50 Judicature 229 at p. 230 (Mar. 1967): "One of the elements of pretrial in California is that under the pretrial rules it furnishes the point at which preparation of the case for trial is virtually complete . . . ."

The assumption that such a practice may have characterized pretrial of the present lawsuit does not wholly explain its discordant development. A declaration later filed in support of the first bifurcation motion revealed that defense counsel had told the pretrial judge of the possible progression of Mr. Williams' ailments and had requested an opportunity for later discovery. The need for evaluating the plaintiff's physical condition immediately before trial may sometimes provide "good cause" for an order permitting limited discovery after pretrial. (Van Alstyne and Grossman, *op. cit. supra,* pp. 45-46.) The discovery permitted by the pretrial conference order in this case was not limited; rather, it was a blanket permission for future discovery unlimited to the plaintiff's physical condition.

The later declarations of counsel demonstrate that both sides participated in the pretrial conference of May 1965 with meager awareness of the plaintiff's physical problems and physical prospects. The pretrial conference order of May 1965 reposed on file as the theoretically authoritative document delineating the issues and character of a trial ultimately set for a date 20 months later. During those months physical examinations and medical depositions unfolded an expanded awareness of medical problems and medical inquiries. By the time of the first bifurcation motion medical simplicity had given way to medical complexity. Either the pretrial conference had been abortive for absence of medical information, or it had been made obsolete by the gain of medical information.

Neither the pretrial conference discussion nor the written order crystallizes the issues and the trial against the impact of new knowledge and new awareness. The oral conference may be continued from time to time (rule 211 (c)); the written order may be corrected or modified "at or before trial to prevent manifest injustice" (rule 216). The court recognized its power of modification by permitting the plaintiff to increase his damage claim in the light of recently acquired medical knowledge. That power was also entitled to recognition in connection with the defense motion to bifurcate.

Code of Civil Procedure section 598 requires that the bifurcation order in a jury case be made "no later than the close of pretrial conference " The conference reaches its close only with the signing and filing of the pretrial conference order. The latter, however, may be modified. Inherent in the rule 216 notion of modification is a possible resumption of the

oral discussion. After the order is filed, nothing in the rules prevents a modification which will reopen the oral phase of the conference to accommodate changed circumstances and new information.

As a preliminary to, or in the course of hearing the motion to bifurcate, the trial court had power to consider and act upon circumstances which might justify modification of the pretrial order and a resumption of the oral phases of the pretrial conference. That power was not narrowly confined to rectification of a pretrial conference order characterized by a violation of mandatory or directory Judicial Council rules. Rather, it was a power to replace a pretrial conference and order which, for any reason, had become obsolete or unsuitable.

Let a writ of mandate issue directing respondent court to consider and decide whether the pretrial conference order of May 10, 1965, should be modified by ordering resumption of the pretrial conference and restatement of the contents of the pretrial order; and, if such resumption of the pretrial conference is ordered, to consider and decide petitioners' bifurcation motion before the close thereof.

Pierce, P. J., and Regan, J., concurred.