[Civ. No. 5832. Fourth Dist. June 26, 1958.]

KEN W. BAIRD et al., Respondents, v. CARL HODSON, Appellant.

Jesse E. Fluharty, Swing, Scharnikow & Staniforth, Robert O. Staniforth and Charles H. Scharnikow for Appellant.

Allan Lame for Respondents.

McCABE, J. pro tem.*—Plaintiffs brought an action for specific performance of a contract for the purchase and sale of certain real property owned by defendant. Judgment was entered in favor of plaintiffs. From this judgment and from an order denying the motion for new trial, the defendant appeals.

The real property, subject of the action, had been purchased by defendant approximately two years before he entered into the agreement with plaintiffs, at a price of $16,000. During the period of two years no improvements were made on the property. The agreement between plaintiffs and defendant provided for a total purchase price of $24,000. A pretrial conference was held and on February 9, 1957, a pretrial order was signed. This order was filed February 15, 1957.

The only contention raised by defendant on this appeal is that the finding that the consideration was fair and reasonable is not supported by the evidence. Plaintiffs (respondents) contend (1) the finding is supported by the evidence, and (2) defendant has waived his right to raise the issue because it was not raised at the pretrial conference or at the trial on the issues, or at the hearing of the motion for new trial. Plaintiffs' argument is that they pleaded the reasonableness and adequacy of the consideration, which was denied in defendant's answer, but at no time subsequent to the filing of the answer did defendant raise this issue until this appeal was taken from the judgment.

The amendments to Rules for the Superior Courts pertaining to pretrial conferences are set forth in 47 Cal.2d 3 et seq. These amendments to the rules became effective January 1, 1957.

Rule 8 provides that a pretrial conference shall be held in every civil case with certain exceptions noted which are inapplicable to this case.

Rule 8.2 provides: ''Each party appearing in any case shall attend the pre-trial conference by counsel, or if none, in person, and shall have a thorough knowledge of the case, be

---

*Assigned by Chairman of Judicial Council.

prepared to discuss it, and . . . They shall confer before the date assigned for this conference to reach agreement upon as many matters as possible. They shall prepare jointly, or each shall prepare, and submit to the pre-trial conference judge at or before the conference, a written statement of the matters agreed upon. Each shall be prepared to state orally the factual and legal contentions to be made as to the issues remaining in dispute. . . .''

Rule 8.4 (a) (1) provides: ''The written statements submitted under Rule 8.2, and the statements of the factual and legal contentions made as to the issues remaining in dispute'';

Rule 8.6 (a) provides: ''The pre-trial conference judge shall prepare and sign a pre-trial conference order . . . This order shall contain: (1) A concise and descriptive statement of: . . . (iii) the factual and legal contentions made by each party as to the issues remaining in dispute; . . .''

Rule 8.7 provides: '' (a) The clerk shall serve a copy of the pre-trial conference order by mail upon each attorney in the case . . . (b) Within five (5) days after such service of the copy of the pre-trial conference order any attorney may serve upon all other attorneys in the case, and file with the clerk, a request for correction or modification of this order . . . After the five-day period, or after disposition of a request for correction or modification . . . the pre-trial order shall be filed in the case.''

Rule 8.8 provides: ''When filed, the pre-trial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case. . . .''

A review of legal history reveals innumerable rules, regulations, laws and processes introduced into the law by which there is a more efficient and effective handling of cases. In each instance not only was it necessary, but progress in the law demanded it. Another of such progressive steps is now part of California law, which may be referred to as pretrial procedure. A review of the rules for pretrials clearly reveals the reasons behind them. ■■ Obviously, the rules were designed to relieve the members of the legal profession and the members of the judiciary from legal technicalities, trivia, details, unessentials, and to have the case tried at an early date upon the real and substantial issues in the case. This is a most laudable and meritorious purpose. In *Hickman* v. *Taylor*, 329 U.S. 495 [67 S.Ct. 385, 388, 91 L.Ed. 451], in discussing federal court pretrial, it is said:

"The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

To satisfy the purposes and obtain the full effectiveness of pretrial procedures it is necessary not only that the practitioner observe. the rules, but that the courts observe them. In the instant case, the pretrial conference order reflects the contention made by all parties to the action and definitely and numerically sets forth the "Issues" as "(1) The dates of execution and the due delivery of the documents in evidence, and (2) whether or not the document Exhibit 2 is an option or an offer to purchase." Further, the order states: "All discovery proceedings are complete, and the issues are joined." No action was taken by defendant as allowed. to him under rule 8.7(b).

This pretrial conference order then controlled the subsequent course of the case in accordance with rule 8.8 and the issues raised by the pleadings were superseded. The pretrial judge, the trial judge and plaintiffs had the right to rely upon that posture of the case. Particularly is this true because defendant did not request a modification of the pretrial conference order, which he had a right to request under rule 8.7.

.At the trial defendant did not raise the issue now sought to be raised nor request a modification of the pretrial conference order. There is nothing in the record to indicate that defendant raised this issue in his argument on his motion for new trial. In his notice of intention to move for new trial defendant stated, as one of his grounds for seeking a new trial, "(1) Insufficiency of evidence to justify the decision and judgment," but no argument was presented to the trial court on the issue. It is common knowledge that on occasions parties to an action will specify several grounds on a notice of motion for new trial and abandon them.

·In *Johnson* v. *Glassley,* 118 Ind.App. 704 [83 N.E.2d 488], a pretrial conference had been held and the issues defined.

The appellate court, in determining whether a party could raise for the first time an issue on appeal, said:

"But the parties chose their weapons in the court below. They agreed that a decision of this case properly turned on the answers to the questions above set out. That was the case presented and tried below, and that is the case we are reviewing. By its judgment the court below answered the questions submitted. It was not required to go further. Nor may we create new issues and decide this case on an entirely new and different theory. The subsequent course of an action is controlled by agreements made at pre-trial conference so long as they remain unmodified." (See also *State* v. *Jones*, 4 N.J. 207 [72 A.2d 322, 325]; *Frank* v. *Giesy*, 117 F.2d 122, 126.)

The defendant will not be allowed to raise this issue for the first time on appeal.

Section 3391, Civil Code, provides in part: "WHAT PARTIES CANNOT BE COMPELLED TO PERFORM. Specific performance cannot be enforced against a party to a contract in any of the following cases:

"1. If he has not received an adequate consideration for the contract;

"2. If it is not, as to him, just and reasonable;"

Section 1605, Civil Code, provides: "GOOD CONSIDERATION, WHAT. Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

Upon a review of the record there is some evidence upon which the trial court could find that the price of $24,000 agreed to between plaintiffs and defendant is, as to defendant, adequate consideration and as to defendant is just and reasonable. It would serve no useful purpose in this opinion to recite the evidence nor the numerous cases in support of the law on this subject.

The purported appeal from the order denying the motion for new trial is dismissed since no appeal may be taken therefrom. (*Kenney* v. *Kenney*, 220 Cal. 134 [30 P.2d 398].)

Judgment affirmed.

Mussell, Acting P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1958.