[Civ. No. 10848.    Third Dist.    July 8, 1964.]

CONTINENTAL CONSTRUCTION COMPANY et al., Plaintiffs and Appellants, v. THOS. F. SCOLLAN COMPANY, Defendant and Respondent.

Robert M. Cole for Plaintiffs and Appellants.

Wilson Craven for Defendant and Respondent.

MOOR, J. pro tem.*—Appellants, who are general contractors, brought this action to recover for property damage caused by fire at a construction site. Respondent was one of

*Assigned by Chairman of Judicial Council.

several subcontractors named defendants. Respondent was granted a summary judgment and appellants appeal.

According to the complaint the Continental-Heller Construction Company, a joint venture, was the general contractor for the construction of the Weinstock-Lubin store located at El Camino and Watt Avenue in Sacramento. On September 22, 1960, a fire occurred which damaged appellants in the amount of $4,620.24. The complaint alleges that the fire was caused by the negligence of Jack H. Broughton, a welder, and various Does; and that at the time of such negligent acts Broughton and the various Does were employed by each of the several named subcontractors, including respondent. Respondent answered denying that Broughton was an employee and denying that any of its employees were negligent.

At the pretrial conference the court resolved the contentions of the parties and the issues of the case. Because the pretrial conference order becomes the key to the solution of the questions involved, the pertinent portions thereof are set out in full:

"The fictitious defendants may be and they are hereby dismissed, with the exception of White Company I; Jack Dymond Lathing Company having been sued herein as White Company I.

"This is an action brought by plaintiff general contractor against various subcontractors or employees of subcontractors, all being engaged in the construction of the Weinstock-Lubin store premises at Country Club Centre.

"It is contended by the plaintiff that defendants or agents of defendants negligently started a fire in the premises while under construction. Plaintiff contends that the fire was started through negligence of the defendant Jack H. Broughton and contends that he was an agent, servant, or employee of each of the other defendants. Each of and all of the other defendants deny that Broughton was an employee and further denies he was acting within the course and scope of any agency or employment for the denying defendant.

"The issues to be determined upon trial are therefore as follows:

"1. Negligence of the defendant Broughton.

"2. Agency or employment of defendant Broughton by or for any of the other defendants.

"3. Whether he was acting within the course and scope of

any agency or employment if it is established he was an agent of any defendant.''

There was no request for correction or modification of the pretrial conference order prior to this appeal, and this court accepts the pretrial conference order as defining and limiting the issues in the case. (Cal. Rules of Court, rule 216; *Baird* v. *Hodson,* 161 Cal.App.2d 687 [327 P.2d 215].)

Following the pretrial conference respondent filed its motion for summary judgment and offered in support of the motion an affidavit by its foreman, stating that its men were working on the east side of the building on the second floor; that none of them had any occasion to be or were near the area where the fire originated; that in the plastering operations no welding was being done or tools used which would cast off sparks; that Scollan's employees had not smoked in or around the point of origin of the fire on the day in question; and that Jack H. Broughton was not the employee of respondent Scollan Company.

Respondent's affidavit, while dealing with evidentiary matters not raised as issues by the pretrial conference order, nevertheless, squarely met the issue of Jack H. Broughton's employment by denying that employment. Respondent's foreman on the job could testify directly to that fact from the nature of his position. Therefore, the affidavit contains ''facts sufficient to entitle ... defendant to a judgment in the action'' (Code Civ. Proc., § 437c), and clearly supports the action of the trial court in granting summary judgment to respondent.

'' ... A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Burke* v. *Hibernia Bank,* 186 Cal.App.2d 739, 740 [9 Cal.Rptr. 890].) Accordingly, in order to determine whether the instant summary judgment will stand, we must consider, in the light of the applicable legal principles, whether the defendant's affidavits meet the test of sufficiency. As stated in *Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353 [333 P.2d 133], 'there first must be a *sufficiently supportive affidavit* before the defects of any counteraffidavit, either of form or substance, need be examined; . . . ' (P. 366; emphasis added.)'' (*Kramer* v. *Barnes,* 212 Cal.App.2d 440, 445-446 [27 Cal. Rptr. 895].)

To create a triable issue in the case, appellants'

counteraffidavit must, by its contents, set forth alleged facts concerning the employment of Jack H. Broughton which would contradict or in some manner disprove respondent's affidavit in that respect.

■ The trial court properly refused to consider appellants' affidavit in opposition to the motion for summary judgment.

Section 437c of the Code of Civil Procedure sets forth the minimum requirements which the affidavit in opposition to the motion for summary judgment must possess before the court can consider the affidavit for the purposes for which it was submitted. " ... *The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.*" (§ 437c; italics added.)

Viewing appellants' affidavit[1] in the light of these re-

---

[1] ROBERT M. COLE does hereby certify as follows:

"1. That he is the attorney for the above named plaintiff.

"2. That an issue of fact arises as to whether defendant SCOLLAN is responsible for the fire described in plaintiff's complaint and defendant SCOLLAN's affidavit for a summary judgment, because of the following:

"That on September 22, 1960, defendant JACK BROUGHTON subscribed to a written statement, a true copy of which is attached hereto.

"3. That this certification is made at 217 E Street, in Davis, California, on August 28, 1963.

"I hereby certify under penalty of perjury that the foregoing is true and correct.

/s/ Robert M. Cole"

"Sacramento 9-22-60

"My name is Jack Broughton. I live at 5867 Auburn Blvd., Sacto. I am employed by Lewis and Riffel who[se] offices are located at 8849 Elder Creek Road in Sacramento. I am working at the Weinstock Lubin Job Site on the corner of El Camino Ave. and Watt Avenue in Sacramento. On September 22, 1960 I was welding at the canopy at the front of the Bldg. when Herb Ross, who is with the Blomburg Glass Co. asked me to cut off a clip which is attached to the canopy on the under side. I cut off the clip which [is] a piece of metal approx. 4" x 4" square. After cutting the clip fell to the ground. On the ground approx 6 feet from where I cut off the clip was a stack of insulation and rubber hand rails for the escelator [sic]. After cutting the clip I came off of the canopy and moved my equipment and then I smelled something burning. I then noticed that the insulation and hand rails were burning. Prior to my cutting off the clip some welders for Scollen [sic] Co. had been welding in the same area. I do not know if the clip I cut off or the sparks from my torch set off the fire or not.

/s/ Jack H. Broughton"

quirements, it is quite clear that it does not meet the standards required by section 437c of the Code of Civil Procedure, in that the essential part of appellants' affidavit, which is sworn to by appellants' attorney, consists of an unsworn statement by the defendant Broughton and sets forth his actions on the day of the fire and acknowledges that he was employed by Lewis and Riffel, who were codefendants in the action. Plainly, appellants' counsel could not testify of his personal knowledge to the activities of defendant Broughton on the day of the fire and consequently he could not be a competent witness to those evidentiary matters. No one in this affidavit is under oath as to the facts which the affidavit purports to submit to the court, and the affiant obviously cannot be a competent witness thereto.

Moreover, even if Broughton's purported statement were to be deemed a ''counteraffidavit,'' the facts stated therein show no triable issue of fact against respondent. Broughton confirms he was not an employee or agent of Scollan Company and his statement ('' [p]rior to my cutting off the clip some welders for Scollen [*sic*] Co. had been welding in the same area'') was insufficient to raise an issue of fact within the issues framed by the pretrial order which had limited the scope of the action to Broughton's negligence and the identity of his employer or principal.

Appellants now contend before this court that there was a mistake in the pretrial conference order and that the counteraffidavit creates a triable issue. █ If it is true that there was an error in the pretrial conference order, appellants had ample opportunity to make the proper motions in the lower court and that question cannot now be raised for the first time on appeal. (*Baird* v. *Hodson, supra*, 161 Cal.App.2d 687.)

█ We may say parenthetically that allowance of appellants' attempt to raise new issues on appeal could avail them nothing. Broughton's hearsay statement that welders employed by Scollan had been welding in the same area ''prior to'' his own welding activities does not sufficiently raise any issue of a causal connection between their welding and the fire since no time was fixed. The sworn statement of respondent's foreman had been that Scollan employees had conducted no welding operations ''at the time of the origin of said fire, or at any time during the preceding twenty-four hours.'' Broughton's statement does not deny this.

The judgment is affirmed.

Pierce, P. J., and Schottky, J., concurred.