[Civ. No. 23781.   First Dist., Div. Three.   July 26, 1968.]

SUNNY G. READ, Plaintiff and Appellant, v. SAFEWAY STORES, INC., Defendant and Respondent.

John A. Bohn and John J. Carniato for Plaintiff and Appellant.

Burnhill, Rode, Moffitt & Moore and Cyril Viadro for Defendant and Respondent.

BROWN (H. C.), J.—Plaintiff filed a complaint for personal injuries resulting from the explosion of a bottle of "Canada Dry Collins Mixer" which she removed from a refrigerated dispensing machine on May 27, 1962, in Safeway Store's place of business. The answer denied the allegations contained in the complaint and set forth contributory negligence as a separate defense and further *affirmatively alleged*

*that the complaint did not state sufficient facts to constitute a cause of action against defendant Safeway Stores, Inc.*

Plaintiff did not appear at pretrial hearing but filed a pretrial statement which listed the issues as (1) liability, if any, (2) damages, and (3) contributory negligence. Neither party raised the issues of implied warranty or strict liability. The pretrial court in its order (in the absence of other demands by respective counsel) limited plaintiff's basis for recovery to the issue of negligence.

At trial Safeway moved for a judgment on the pleadings on the basis of an allegation in plaintiff's complaint which stated ". . . that said bottle [collins mix, a carbonated beverage] when removed by the plaintiff from said cooling vending machine was in the same condition as when it was received by the said defendant, Safeway Stores, Inc., from the remaining defendants herein, . . . that said bottle had not been opened or tampered with in any manner by anyone after the same was delivered by the defendants . . . to the said defendant, Safeway Store . . ."

Plaintiff moved for leave to amend the pleadings, which motion was denied. The trial court then agreed with Safeway's contention that the complaint failed to allege any acts of negligence on the part of Safeway; and, as negligence was the sole issue provided in the pretrial order, concluded that the plaintiff's complaint did not state a cause of action against Safeway. Judgment on the pleadings was then awarded, which was tantamount to the sustaining of a demurrer without leave to amend. (See *Cohn* v. *Klein*, 209 Cal. 421 [287 P. 459].)

Plaintiff contends that amendments to both her complaint and the pretrial order should have been permitted in order that the action could be tried on the issues of either strict liability or implied warranty, or both.

While it is true that the complaint failed to state a cause of action in negligence against Safeway, it did contain all of the factual allegations necessary to a cause of action in strict liability. As the liability of defendant rests on strict liability, it is unnecessary to consider appellant's contention that she should also have been permitted to proceed to trial because her complaint contained an allegation pertaining to Safeway's breach of an implied warranty. (See Civ. Code, § 1735, subd. (2), repealed by Stats. 1963, ch. 819, § 2, effective Jan. 1, 1965; also see Uniform Com. Code, §§ 1205, 2104, 2315-2316.) ▮ It is settled that the liability of both manufac-

turer and retailer for defects in their products which cause injuries to a purchaser (or others) has its basis in tort rather than contract. (See *Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].)[1]

The rule of strict liability of the seller of a product is set forth in Restatement Second, Torts, section 402A and states: '' (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.''

In *Vandermark* v. *Ford Motor Co.,* 61 Cal.2d 256, 260-261 [37 Cal.Rptr. 896, 391 P.2d 168], the court held that the doctrine of strict liability applied to both the manufacturer and the retailer, stating: '' 'A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being.' Since the liability is strict it encompasses defects regardless of their source, and therefore a manufacturer of a completed product cannot escape liability by tracing the defect to a component part supplied by another. . . .

''Retailers like manufacturers are engaged in the business of distributing goods to the public. They are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products. (See *Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].) In some cases the retailer may be the only member of that enterprise reasonably available to the injured plaintiff. In other cases the retailer himself may play a substantial part in insur-

---

[1] (See also Prosser, *The Assault Upon the Citadel* (*Strict Liability to the Consumer*), 69 Yale L.J. 1099, tracing the growth of the doctrine of strict liability and comment on *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382 [111 N.E. 1050, L.R.A. 1916F 696], and comment on separate opinion of Traynor in *Trust* v. *Arden Farms Co.,* 50 Cal.2d 217 [324 P.2d 583, 81 A.L.R.2d 332].)

ing that the product is safe or may be in a position to exert pressure on the manufacturer to that end; the retailer's strict liability thus serves as an added incentive to safety. Strict liability on the manufacturer and retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship. Accordingly, as a retailer engaged in the business of distributing goods to the public, Maywood Bell is strictly liable in tort for personal injuries caused by defects in cars sold by it. . . .'' (At pp. 262-263.) (See also Prosser, *Strict Liability to the Consumer* (1967) 18 Hastings L.J. 9; and Mosk, *Anatomy of a Personal Injury Trial,* Trends in Consumer Protection (1967) 193.)

Plaintiff's complaint alleges that Safeway is in the business of selling ''Collins Mixer''; that the bottle of collins mix reached plaintiff without change in the condition in which it was received by Safeway from the manufacturer, and that it exploded almost immediately after its removal from the refrigeration compartment by plaintiff. Thus the statement of facts charges that the bottle of mix exploded while it was being normally handled in the manner intended by Safeway. Human experience justifies the inference that this would not have occurred unless there was a defect in either the container or contents. (*Vallis* v. *Canada Dry Ginger Ale, Inc.,* 190 Cal.App.2d 35, 39, 42 [11 Cal.Rptr. 823].) In either event the doctrine of strict liability applies. It is recognized that at trial plaintiff within reasonable limits must eliminate evidence that the explosion was caused by improper handling or use of the bottle either by herself or others. (Prosser, *Strict Liability to the Consumer,* 18 Hastings L.J. 52.) These requirements, however, are matters of proof rather than pleading.

The sustaining of a demurrer without leave to amend followed by final judgment of dismissal is a drastic step and is reviewable on appeal. It ordinarily constitutes an abuse of discretion if there is a reasonable possibility that the defect can be cured by amendment. (See 2 Witkin, Cal. Procedure (1954) Pleading, § 505, p. 1496.) For the purpose of ruling on the motion, the court must treat all of plaintiff's allegations as being true. (*MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 813 [161 P.2d 449].) Therefore, as the complaint states a cause of action in strict liability, it was an abuse of discretion to preclude appellant from amending her complaint

if further clarification was deemed desirable and to fail to include the issue of strict liability in the pretrial order.

Although it is recognized that the pretrial order limiting the issue to negligence supersedes the issue raised by the pleadings (*Milton Meyer & Co.* v. *Curro,* 239 Cal.App.2d 480, 484 [48 Cal.Rptr. 812]; *Continental Constr. Co.* v. *Thos. F. Scollan Co.,* 228 Cal.App.2d 385, 388 [39 Cal.Rptr. 432]; *Feykert* v. *Hardy,* 213 Cal.App.2d 67, 74 [28 Cal.Rptr. 510]), it appears that on the motion for judgment on the pleadings here the issues could have been clarified and the pretrial order amended to include issues raised by the facts stated in the pleadings in order to insure a trial on the merits. Such amendment would cause no prejudice to Safeway. ▮ The essence of permitting amendments to pleadings or to pretrial orders is to avoid the concurrence of surprise and prejudice. The court in *Jones* v. *Sacramento Sav. & Loan Assn.,* 248 Cal.App.2d 522, 532 [56 Cal.Rptr. 741], upon ordering a pretrial order amended said: ''The procedural crystallization of issues by a pretrial conference order may collide with equity's traditional desire to afford complete relief. . . .'' (See also *B. C. Richter Contracting Co.* v. *Continental Cas. Co.,* 230 Cal.App.2d 491, 502 [41 Cal.Rptr. 98].)

Here there is no essential disagreement as to the facts. Safeway does not become vulnerable to unanticipated evidence. The allegations in the complaint remain unchanged. The plaintiff merely seeks to pursue a different legal theory (strict liability rather than negligence) than set forth in the pretrial order on the identical facts set forth in the complaint. (See *Bonded Products Co.* v. *R. C. Gallyon Constr. Co., Inc.,* 228 Cal.App.2d 186 [39 Cal.Rptr. 347].)

It is concluded that the complaint stated a cause of action on the theory of strict liability and that Safeway would not have been prejudiced by including that issue in the pretrial order. Therefore, it was error to preclude plaintiff from a trial on the merits on the issue stated in her complaint.

The judgment is reversed.

Draper, P. J., and Salsman, J., concurred.