■ CHARLES PRINCIOTTO, Appellant, v. EMANUEL MATERDOMINI et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 30, 1973, in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiff's case. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present

questions of fact. The pleadings in this case by a tenant against his landlords, in which plaintiff was injured as the result of having tripped on a defective metal nosing on a staircase, alleged that the premises constituted a multiple dwelling. In fact it was a two-family dwelling. The court erred in denying a motion to conform the pleadings to the proof (see CPLR 3025, subd. [c]). There certainly was no surprised discovery by defendants, who owned the building, that it was not a multiple dwelling. We no longer follow the rule that a plaintiff can only recover, if at all, on the precise theory of the complaint (*Diemer* v. *Diemer*, 8 N Y 2d 206; *Lane* v. *Mercury Record Corp.*, 21 A D 2d 602, affd. 18 N Y 2d 889). Indeed, the public policy in favor of liberal amendments is so great that this court has, on its own motion, conformed the pleadings to the proof on the appellate level when a plaintiff has established his right to recover on a theory not pleaded (see *Harbor Assoc.* v. *Asheroff*, 35 A D 2d 667). Affording plaintiff the benefit of all fair and reasonable inferences to be drawn from the evidence (cf. *Anderson* v. *Bee Line*, 1 N Y 2d 169; *Cappel* v. *Board of Educ., Union Free School Dist. No. 4, Northport*, 40 A D 2d 848), we find that he made out a prima facie case sufficient to go to the jury. Although there was no proof of notice to the landlords of the defective condition, such notice is not required if the condition was the result of a prior defective repair by the landlord (see *Pratt, Hurst & Co.* v. *Tailer*, 186 N. Y. 417, 421). In this case the jury could have so found. Latham, Shapiro, Benjamin and Munder, JJ., concur; Martuscello, Acting P. J., dissents and votes to affirm.