■ JOSEPH MORGAN, Respondent, v GOOD HUMOR CORP. et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an interlocutory judgment of the Supreme Court, Nassau County, entered February 5, 1976, which, after a jury trial on the issue of liability only, (1) is in favor of plaintiff against them and (2) apportioned liability between them. Interlocutory judgment affirmed, with one bill of costs against appellants jointly. In our opinion, the trial court did not err in granting plaintiff's motion to conform the pleadings to the proof and in charging the doctrine of *res ipsa loquitur* to the jury (see *Abbott v Page Airways,* 23 NY2d 502, 512–513). Defendants had notice from the pleadings that plaintiff claimed that they both controlled the instrumentality which caused the accident (see *Corcoran v Banner Super Market,* 19 NY2d 425) and, accordingly, liberal amendment of the pleadings was proper (see *Jerry v Borden Co.,* 45 AD2d 344, 346–347; *Princiotto v Materdomini,* 45 AD2d 883, 884). The trial court offered defendants a reasonable continuance so that they could reopen their cases and meet the *res ipsa loquitur* claim, but they rejected this offer and demanded a mistrial. Under the circumstances of this case, the declaration of a mistrial was not warranted and the defendants rejected the continuance at their own peril. There was no error in the trial court's charge to the jury. Defendant Good Humor Corporation would have this court construe the indemnity clause which was contained in the contract between it and defendant Licon Construction Co., to require that Licon indemnify it even for negligent acts of Good Humor's employees which, in part, contributed to the happening of the accident. The long-established rule in New York is that "contracts will not be construed to indemnify a person against his own negligence unless such intention is

expressed in unequivocal terms" (see *Thompson-Starrett Co. v Otis Elevator Co.,* 271 NY 36, 41). The clause involved herein is certainly equivocal in this regard and, at best, amounts to nothing more than a contractual agreement, antedating *Dole v Dow Chem. Co.* (30 NY2d 143), that Licon would indemnify Good Humor for any damages it (Licon) caused. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.