GERARD R. MURPHY, Appellant, v GENERAL MOTORS CORPORATION, Respondent.

Third Department, January 27, 1977

*Vibbard, Donaghy & Wright (Charles W. Wright* of counsel), for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore (Forrest N. Case, Jr.,* of counsel), for respondent.

LARKIN, J. Plaintiff was severely injured on August 14, 1971, when his 1967 Chevrolet Impala left the road and struck a telephone pole. His complaint set forth two causes of action, the first for breach of warranty and the second for negligence in the manufacture of the car. At the trial plaintiff introduced the testimony of two experts who attributed the cause of the accident to improperly manufactured engine mounts and, in addition, produced a March, 1972 letter from the Chevrolet Division of General Motors warning the owners of certain 1967 model Chevrolet passenger cars of the possible danger of the separation of the engine mounts and advising the immediate servicing of the vehicles by Chevrolet dealers. Defendant relied primarily upon two experts who testified that under the circumstances the motor mounts could not have separated and this was not the cause of the accident.

At the conclusion of his case, plaintiff moved to amend his complaint, to conform to the proof, by adding a cause of action for strict liability. The defendant moved to dismiss the two causes of action. The court reserved decision on both motions. After the parties rested, the motions were renewed. Trial Term dismissed the first cause of action, based on breach of warranty, as barred by the applicable Statute of Limitations (Uniform Commercial Code, § 2-725) and refused to charge strict liability in tort. We conclude that, under the circumstances of this case, the trial court erred in refusing to charge strict liability and, accordingly, the judgment should be re-

versed and a new trial ordered *(Jerry v Borden Co.,* 45 AD2d 344).

The CPLR evidences a strong policy towards liberal pleading requirements. Pleadings are sufficient if they notify the court and the parties of the transactions and occurrences intended to be proved and the material elements of each cause of action (CPLR 3013). Pleadings are to be liberally construed and amendments are to be freely allowed (CPLR 3025, subd [b]; *Princiotto v Materdomini,* 45 AD2d 883) and "[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence" (CPLR 3025, subd [c]). Applying such standards, the Appellate Division, Second Department, has ruled that a complaint alleging negligent manufacture of a product and breach of warranty gave notice of the transactions and occurrences underlying a cause of action for strict liability. The judgment of the trial court dismissing, at the conclusion of the plaintiff's case, the two causes of action pleaded therein was reversed and a new trial was ordered at which the case was to be presented to the jury on the theory of strict liability in tort *(Jerry v Borden Co., supra).*

Similarly, in *Velez v Craine & Clark Lbr. Corp.* (33 NY2d 117, 121), the Court of Appeals ruled that a case tried before the strict products liability rule was enunciated in *Codling v Paglia* (32 NY2d 330), should be "remitted for a new trial because the charge to the jury was erroneous under *Codling,* when viewed with the benefit of hindsight". In *Velez,* as in the instant case and *Jerry v Borden Co. (supra),* the complaint had alleged causes of action in negligence and breach of warranty. Although *Velez* differs from this case in that the plaintiff therein did not have the benefit of the *Codling* decision prior to the trial, with the consequent opportunity to plead a cause of action for strict liability or to request a strict liability charge, the strong policy evident therein towards requiring a strict liability charge in products liability cases is most persuasive to this court.

We disagree with the apparent conclusion of the trial court that, despite the applicability of *Jerry,* the strict liability cause of action must fall because the products liability claim was barred by the Statute of Limitations. A cause of action for strict products liability is "independent" *(Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 382) of a cause for breach of warranty (or negligence) and the fact that one is barred does not preclude the other. Defendant claims that it

will be prejudiced if the amendment is allowed because the Statute of Limitations has run on the new cause of action. Although there is no question that the three-year period for a claim based on strict liability in tort has run *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395), CPLR 203 (subd [e]) provides that "[a] claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions and occurrences, to be proved pursuant to the amended pleading". We conclude that the complaint herein gave defendant notice of all the necessary elements of a cause of action for strict liability and, accordingly, the claim of prejudice is without merit. We also reject defendant's claim of laches. The defendant's argument that the elements of the cause of action for strict liability were submitted to the jury and that the verdict was an implicit rejection of that theory is also without merit. Although elements of the strict liability claim may be found in the charge, it is clear that the case went to the jury solely on a negligence theory.

We find it unnecessary to consider plaintiff's argument that the verdict of no cause of action was against the weight of the evidence.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

GREENBLOTT, J. P., SWEENEY, MAIN and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.