733 P.2d 870

Matias ARMIJO, Plaintiff-Appellant,

v.

**ED BLACK'S CHEVROLET CENTER, INC., Defendant and Third-Party Plaintiff-Appellee,**

v.

**STUART TRUCK EQUIPMENT, INC., Third-Party Defendant-Appellee.**

No. 8365.

Court of Appeals of New Mexico.

Jan. 27, 1987.

James E. Thomson, Jere C. Corlett, Santa Fe, for plaintiff-appellant.

David C. Davenport, Jr., W. Mark Mowery, Rodey, Dickason, Sloan, Akin & Robb, P.A., Santa Fe, for defendant and third-party plaintiff-appellee Ed Black's Chevrolet Center, Inc.

Howard R. Thomas, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for third-party defendant-appellee Stuart Truck Equipment, Inc.

## OPINION

ALARID, Judge.

Plaintiff brought suit to recover damages for personal injuries suffered when a weld broke on a dump truck. The trial court granted summary judgment and judgment on the pleadings dismissing plaintiff's complaint; the district court denied plaintiff's motion for leave to amend the complaint. Plaintiff appeals and we reverse.

The issues raised are: (1) whether summary judgment in favor of defendant, Ed Black's Chevrolet Center, Inc., was proper on plaintiff's claim of negligence against it; (2) whether judgment on the pleadings in favor of defendant was proper on plaintiff's claim of breach of warranties; (3) whether plaintiff's claim was sufficient to raise the theory of strict liability and, if so, whether plaintiff's complaint should have been dismissed; and (4) whether the court erred in refusing to allow plaintiff to amend the complaint to expressly add a count stating a claim for strict liability. We hold that the trial court was correct in granting summary judgment on plaintiff's claims of negligence and breach of warranties, but that the court erred in dismissing the complaint because the complaint stated a claim for relief for strict liability. Accordingly, it follows that the court should have allowed plaintiff to amend to expressly state what was implicit in the original complaint.

## FACTS

The complaint alleged that defendant sold a defective dump truck to plaintiff's employer. While plaintiff was operating the truck, the bed came off, causing the cab, in which plaintiff was sitting, to jerk violently. The cause of the incident was that the welds that attached the dump bed to the truck were negligently performed. Plaintiff suffered damages. For his first claim of relief, plaintiff claimed that defendant or its agents negligently performed the welding. For his second claim of relief, plaintiff claimed that defendant warranted that the truck was fit for dumping gravel and was safe, whereas it was neither fit nor safe due to the defective weld. The complaint was quite clear that plaintiff's first claim was negligence and his second claim was breach of warranty. He did not plead a theory of strict liability.

Defendant filed a third-party complaint against third-party defendant, Stuart Truck Equipment, Inc. (Stuart). When Stuart's answers to interrogatories revealed that it had performed the welding, defendant moved for summary judgment on plaintiff's first claim and for judgment on the pleadings on plaintiff's second claim. The court granted defendant's motion, despite plaintiff's argument that the complaint could be read to state a claim for strict liability. Twenty days thereafter, plaintiff sought to amend his complaint to add a third claim for relief, expressly containing the strict liability theory. Six days later, the court denied plaintiff's motion to amend and plaintiff took an immediate appeal.

## NEGLIGENCE CLAIM

■ Plaintiff's complaint alleged that defendant or its agents performed the welding. Defendant's answer admitted that it sold the truck but denied that it or its agents had performed the welding. Defendant's motion for summary judgment on this claim was grounded on the fact that Stuart's answers to interrogatories admitted that it did the welding. Therefore, defendant maintained that there was no genuine issue of material fact as to its alleged negligence in performing the welding. Plaintiff did not submit any material whatsoever in opposition to defendant's motion. See NMSA 1978, Civ.P.R. 56(e) (Repl.Pamp.1980). Accordingly, defendant was entitled to judgment on this claim. *Oschwald v. Christie*, 95 N.M. 251, 620 P.2d 1276 (1980).

## WARRANTY CLAIM

■ NMSA 1978, Section 55–2–318 states:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.

Although plaintiff concedes that he is not a person in the family or household of his employer, who bought the truck, or a guest in his employer's home, plaintiff claims that the privity concept of Section 55–2–318 was abolished in *Perfetti v. McGhan Medical*, 99 N.M. 645, 662 P.2d 646 (Ct.App. 1983).

Plaintiff reads too much into the *Perfetti* case. The case dealt with vertical privity, as distinguished from horizontal privity. The distinction between the° two types of privity is explained in J. White and R. Summers, *Uniform Commercial Code*, § 11–2 at 399 (2d ed. 1980):

There are two basic kinds of "non-privity" plaintiffs. The "vertical" non-privity plaintiff is a buyer within the distributive chain who did not buy directly from the defendant. For example, a man who buys a lathe from a local hardware store and then later sues the manufacturer is a "vertical" non-privity plaintiff. The "horizontal" nonprivity plaintiff is not a buyer within the distributive chain but one who consumes or uses or is affected by the goods. For example, a woman poisoned by a bottle of beer that her husband purchased from a local grocer is a horizontal non-privity plaintiff. So, too, is a son who is injured by the new

lawnmower his father bought, and the employee hurt by equipment purchased by her employer, and so on.

Section 55–2–318 only addresses horizontal privity, leaving vertical privity to judicial decision. Comment 3 to § 55–2–318; *Hemphill v. Sayers*, 552 F.Supp. 685 (S.D. Ill.1982). Thus, *Perfetti*, dealing with vertical privity, while a proper judicial determination, does not aid plaintiff in this case.

When the legislature adopted the Uniform Commercial Code, it had three alternatives from which to choose. Our legislature chose the most restrictive alternative. *See id.* We are persuaded by the reasoning of other courts that have discussed the Uniform Commercial Code implied warranty theory that employees of a purchaser are excluded from the manufacturer's warranty protections offered by provisions comparable to Section 55–2–318. *Hemphill; Watkins v. Barber-Colman Co.*, 625 F.2d 714 (5th Cir.1980); *Anderson v. Watling Ladder Co.*, 472 F.2d 576 (6th Cir. 1973); *Bailey v. ITT Grinnell Corp.*, 536 F.Supp. 84 (N.D.Ohio 1982); *Teel v. American Steel Foundries*, 529 F.Supp. 337 (E.D. Mo.1981); *In re Johns-Manville Asbestosis Cases*, 511 F.Supp. 1235 (N.D.Ill.1981); *Hester v. Purex Corp.*, 534 P.2d 1306 (Okla.1975). *See also Annot.*, 100 A.L. R.3d 743, § 5[b] (1980). Any other ruling by this court would be an unwarranted nullification of the legislature's prerogatives. *See e.g., Hemphill; Hester.* Accordingly, the court was correct in dismissing plaintiff's warranty claims.

**STRICT LIABILITY CLAIM**

■ Plaintiff's original complaint did not mention the words "strict liability" or seek to raise a third claim for relief apart from negligence and breach of warranty. After the trial court dismissed the complaint, and after the statute of limitations had run, plaintiff filed his motion to amend to add a theory of strict liability. Because we find that plaintiff's complaint was sufficient to state a claim for relief, defendant's arguments seeking to uphold the trial court's denial of plaintiff's motion to amend need not be reached.

NMSA 1978, Civ.P. Rule 8(a)(2) (Repl. Pamp.1980), requires the complaint only to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Our rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Hambaugh v. Peoples*, 75 N.M. 144, 153, 401 P.2d 777, 782 (1965), quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Our established policy requires that the rights of litigants be determined by adjudication on the merits rather than upon the technicalities of procedure and form. *Transamerica Insurance Co. v. Sydow*, 97 N.M. 51, 636 P.2d 322 (Ct.App.1981). A motion to dismiss is properly granted only if plaintiff cannot recover under any state of facts provable. *Id.; Las Luminarias of the New Mexico Council of the Blind v. Isengard*, 92 N.M. 297, 587 P.2d 444 (Ct.App.1978). Magic language is not required. *See Ciesielski v. Waterman*, 86 N.M. 184, 521 P.2d 649 (Ct. App.1974) (*res ipsa loquitur* need not be specifically pleaded when complaint alleges negligence and defendant's control).

In this case, plaintiff's complaint alleged that defendant sold a truck that plaintiff was using, that the truck had defective welds, and that plaintiff was injured because of those defective welds. Under similar situations, these allegations have been sufficient to state a claim in strict liability. *See Chavez v. Robberson Steel Co.*, 94 Nev. 597, 584 P.2d 159 (1978) (pleadings should be liberally construed to place in issue matter which is fairly noticed to adverse party); *Murphy v. General Motors Corp.*, 55 A.D.2d 486, 391 N.Y.S.2d 24 (1977) (pleadings are sufficient if they sufficiently notify the court and parties of the transactions, occurrences and material elements of each cause of action intended to be proved); *Read v. Safeway Stores, Inc.*, 264 Cal.App.2d 404, 70 Cal.Rptr. 454 (1968) (it was an abuse of the court's discretion to deny plaintiff's motion to amend complaint

to include negligence when complaint was sufficient to state a cause of action in strict liability); *Alvarez v. Felker Mfg. Co.*, 230 Cal.App.2d 987, 41 Cal.Rptr. 514 (1964) (strict tort liability may be pleaded in complaint alleging only negligence and breach of warranty). *Compare with Hemphill v. Sayers* (product liability claim dismissed where complaint failed to properly describe condition rendering product unreasonably dangerous), *and Brown v. Western Farmers Association*, 268 Or. 470, 521 P.2d 537 (1974) (no claim of recovery under a theory of strict liability where complaint failed to allege manner in which product was unreasonably dangerous).

Defendant's argument assumes that pleaders in New Mexico must categorize their theories or claims of relief and, if they pick the wrong category, they are out of court. This assumption is incorrect. 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil,* § 1219 (1969); 2A J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 8.14 (1986).

Plaintiff's complaint was sufficient to state a claim for relief and the court erred in dismissing it. The order dismissing the complaint is reversed. The matter is remanded to the trial court with instructions to reinstate it on its docket and to allow plaintiff to amend his complaint to state the correct legal theory. Costs to appellant.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.